REVISED 12/15

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: George Clifford Mastey
Taunya Marie Mastey
    Debtor(s).

Case No. 17-33216

## SIGNATURE DECLARATION

- [ ] PETITION, SCHEDULES & STATEMENTS
- [ ] CHAPTER 13 PLAN
- [ ] VOLUNTARY CONVERSION, SCHEDULES & STATEMENTS
- [ ] AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
- [ ] MODIFIED CHAPTER 13 PLAN
- [x] OTHER: PLEASE DESCRIBE: Chapter 12 Plan

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 1/9/2018

x /s/ George Mastey
Signature of Debtor 1 or Authorized Representative

GEORGE MASTEY
Printed name of Debtor 1 or Authorized Representative

x /s/ Taunya Mastey
Signature of Debtor 2

Taunya Mastey
Printed Name of Debtor 2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:   George Clifford Mastey                                    BKY #17-33216
         Taunya Marie Mastey                                       Chapter 12


         Debtors.

**CHAPTER 12 PLAN OF REORGANIZATION**
**DATED JANUARY 9, 2018**

## ARTICLE I: Summary of the Plan

This plan shall continue for a period of five years from its effective date. The property of the debtors is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The debtors will pay the Trustee no less than all disposable income, as that term is defined in 11 U.S. C. Section 1225, for Trustee administration and distribution to unsecured creditors. The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

## ARTICLE II: Definitions

1. "Creditors" means all entities having a claim against the debtors.
2. "Secured Creditor" means a creditor with a lien or security interest in property of the debtors.
3. "Claim" means a timely filed claim which has been allowed by the Court or a secured claim which is dealt with in the plan whether or not a claim is filed.
4. "Effective Date" means the date on which the Order of Confirmation becomes final.
5. "Trustee" means the Chapter 12 Trustee.
6. "Disposable Income" means all income received by the debtors annually after deducting operating expenses, living expenses (salaries approved) and plan payments.

## ARTICLE III: Liquidation Test

The debtors' net equity in their property, after deducting the amounts of the secured claims and exemptions, is $118,875.00. General and priority unsecured creditors (but not including attorney's fees) will receive no less than $118,875.00 over the life of the Plan. The debtors' liquidation analysis is attached to this plan as Exhibit A.

## ARTICLE IV: Disposable Income

The debtors' projections of gross income, operating expenses, living expenses and plan payments indicate that they may have disposable income annually in the amount of $25,000. For the term of this plan, all of the debtors' disposable income, regardless of the amount, will be

paid to the Trustee for payment of cost of administration and distribution to unsecured creditors. All disposable income (future earnings not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the debtors and their dependents) for five years following the effective date, shall be submitted to the Trustee for distribution. All creditors with Class 4 – General Unsecured Claims shall be paid a pro rata share of disposable income after administrative and priority claims have been paid.

### ARTICLE V: Living Expenses

The debtors' projection of living expenses is $36,000 per year. The debtors shall limit their annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

### ARTICLE VI: Classification and Treatment of Claims

**Class 1**. **Costs of Administration**. This Class includes compensation and expenses of professionals and court costs and all expenses incurred by the debtors after the filing of their petition and before the entry of the order of confirmation and expenses of professionals and court costs, shall be paid in full on the effective date of the plan. Claims for compensation and expenses of professionals and court costs shall be paid upon approval by the Court and as directed by the Court. The Chapter 12 Trustee shall make application to the Court for approval of trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The debtors shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtors, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein**. **Creditors shall only accept direct payments from the debtors if specified in the plan.**

**Class 2: Secured Claims.** Class 2 shall consist of the following secured claims. The Debtors will pay these claims outside of this plan. No Trustee's fee is due on these claims. Class 2 claims are subdivided as follows:

> Class 2(a) is the secured claim of United Minnesota Bank on loan number 517749 in the amount of $240,000. This loan shall be amortized over a period of 10 years with a balloon payment five years after the effective date of this plan, at which time this loan shall be paid in full. Interest shall accrue on the unpaid balance from the date of filing at the rate of 5% per year. Payments of principal and accrued interest shall be made on December 1st of each plan year, starting on December 1, 2018 in the estimated amount of $31,081.10.

> Class 2(b) is the secured claim of United Minnesota Bank on loan number 520221 in the amount of $195,666.00. This loan shall be amortized over a period of 10 years with a balloon payment five years after the effective date of this plan, at which time

this loan shall be paid in full. Interest shall accrue on the unpaid balance from the date of filing at the rate of 4.5% per year. Payments of principal and accrued interest shall be made on December 1st of each plan year, starting on December 1, 2018 in the estimated amount of $24,728.04.

Class 2(c) is the secured claim of United Minnesota Bank on loan number 190527 in the amount of $335,941.00. This loan shall be amortized over a period of 30 years with a balloon payment five years after the effective date of this plan, at which time this loan shall be paid in full. Interest shall accrue on the unpaid balance from the date of filing at the rate of 4% per year. Payments of principal and accrued interest shall be made on December 1st of each plan year, starting on December 1, 2018 in the estimated amount of $19,427.50.

Class 2(d) is the secured claim of Carco Motors Holding Company in the amount of $8,361.62. The claim consists of purchase money security interests in a motor vehicle owned by the Debtor. Interest shall accrue on the unpaid balance of this loan at the rate of 6% per year. The loan will be paid monthly on the first day of each month over the same term as the original loan.

Class 2(e) is the secured claim of the Benton County Treasurer pursuant to a confession of judgment. This claim will be paid according to the terms of the confession of judgment.

**Class 3: Priority Unsecured Claims.** Class 3 consists of all claims entitled to priority under § 507. Debtors will make annual payments on these claims. Priority claims include:

    **A.** Internal Revenue Service in the amount of $1,954.07.
    **B.** Minnesota Department of Revenue in the amount of $892.63
    **C.** Minnesota DEED in the amount of $4,425.00.

**Class 4. General Unsecured Claims.** Class 4 consists of general unsecured claims, claims of all unsecured creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, claims resulting from the value of a secured claim being of a value less than the security held against held claim, and/or those secured creditors whose claims are determined to be unsecured, claims of all accommodation parties and co-makers or loans of which the debtors are the principal, and claims for taxes and penalties which are not included in any other Class.

**Class 5. Executory Contracts and Leases**. Class 5 consists of executory contracts and leases existing as of the date of filing. All such executory contracts and leases are rejected unless specifically assumed in this section. The Debtors will pay these payments outside of this plan. Class 5 claims are subdivided and assumed as set forth below:

> Class 5(a) is the Contract for Deed with Kenneth Spohn dated December 20, 2014 for real property in Mille Lacs County, Minnesota identified in Schedule G as the Gerads Property. The amount due on this contract for deed is $67,000. The Debtors will assume this contract, but the amount due will be amortized over 30 years at an annual interest rate of 4.5%. Payments of principal and

interest will be made on December 1st of each year during the plan, with the first payment due on December 1, 2018, in the approximate amount of $4,113.23. At the end of the plan, there will be a balloon payment of all outstanding principal and interest. The Debtors are attempting to sell this property for $82,500, and if the property is sold the proceeds from the sale will be used to pay first the amounts due on this contract in full, and second as payment on the contract for deed with Kenneth Spohn identified in Class 5(b).

Class 5(b) is the Contract for Deed with Kenneth Spohn dated May 5, 2013 for real property in Mille Lacs County, Minnesota identified in Schedule G as the Worth Property. The amount due on this contract for deed is $112,000. The Debtors will assume this contract, but the amount due will be amortized over 30 years at an annual interest rate of 4.5%. Payments of principal and interest will be made on December 1st of each year during the plan, with the first payment due on December 1, 2018, in the approximate amount of $6,875.85. At the end of the plan, there will be a balloon payment of all outstanding principal and interest. The Debtors intend to enroll this property in the U.S. Government wetlands program. Debtors will assign to Kenneth Spohn an amount of the annual payments received under this program, if any, that does not exceed the amount owed to Kenneth Spohn for the year in which the payments are received.

Class 5(c) is the Contract for Deed with Kenneth Spohn dated July 1, 2005 for real property in Mille Lacs County, Minnesota identified in Schedule G as the Ziegler Property. The amount due on this contract for deed is $129,001.85. The Debtors will assume this contract, but the amount due will be amortized over 30 years at an annual interest rate of 4.5%. Payments of principal and interest will be made on December 1st of each year during the plan, with the first payment due on December 1, 2018, in the approximate amount of $7,919.62. At the end of the plan, there will be a balloon payment of all outstanding principal and interest.

Class 5(d) is the Contract for Deed with VanNurden Farms LLC for real property in Benton County, Minnesota. Debtors will assume this contract.

Class 5(e) are the real estate leases identified in Schedule G. The Debtors will assume the real estate leases for the remainder of their terms. In each year of the plan the Debtors intend to renew the leases listed in Schedule G to the extent the lessors will renew the leases on the same or similar terms as the 2017 leases. The leased land is used to grow crops used in the Debtor's farm operations and the leases are beneficial to the Debtor's estate.

### ARTICLE VII: Execution of Plan and Cash Flow Analysis

The debtors propose to continue their farming operations and make the plan payments out of farm or other income. The debtors' projections of income, operating expenses, and plan payments are attached as Exhibit B.

## ARTICLE VIII: Retention of Liens and Incorporation of Documents

All creditors whose claims are treated as secured in this plan shall retain his liens on the collateral securing their respective claims as specified in the plan and until such claims are paid in full in the amount allowed as secured. Except as modified by the terms of this plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference as if more fully set out in this plan. This plan and the Order confirming the plan may be recorded in the Office of the Register of Deeds of each county

## ARTICLE IX: General Provisions

1. The Court shall retain jurisdiction over the debtors and his property for the term of the plan.

2. As part of the continuing farm operation, the debtors shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. The debtors shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

/e/_____Joseph A. Wentzell_____
Joseph A. Wentzell
Bar no.: 170616
Wentzell Law Office
2812 Anthony Lane S., Suite 200
St. Anthony, MN 55418
Tele: (612) 436-3292
Fax: (612) 788-9879
Email: jwentzell@fosterbrever.com

Signed: /e/__George Mastey_____

Debtor 1: George Mastey
Dated: January 9, 2018

Signed: /e/___Taunya Mastey_____

Debtor 2: Taunya Mastey
Dated: January 9, 2018

EXHIBIT A

|  | Value | Exemption/Lien | Equity |
|---|---|---|---|
| **Real Estate** |  |  |  |
| Home Farm (22 acres) Benton County | 214,800 (tax value) | 214,800 MSA 510.05 homestead exemption | 0 |
| 57 acres Benton County | 145,300 (tax value) | 145,300 UMB mortgage | 0 |
| 40 acres Benton County | 103,800 (tax value) | 103,800 UMB mortgage | 0 |
| Ziegler 74 acres Mille Lacs County | 125,300 (tax value) | 118,156 Spohn mortgage 32,160 Roske Judgment Lien | 0 |
| Worth 30 acres Mille Lacs County | 55,000 (tax value) | 102,517 Spohn mortgage | 0 |
| Gerards 38 acres Mille Lacs County | 66,500 (tax value) | 68,970 Spohn mortgage | 0 |
| Bros 40 acres Mille Lacs County | 70,092 | 72,000 VanNurden Contract for Deed | 0 |
| **Machinery** | 590,750 Appraised value | 26,000 MSA 550.37 subd. 5 exemption 494,750 UMB blanket lien 70,000 Spohn lien - Chopper 645,783 total | 0 |
| **Crops** | 100,600 | 55,033 UMB blanket lien | 45,567 |
| **A/R** | 44,308 | 0 | 44,308 |
| **MTD Excavating** | 29,000 (3 of 4 vehicles) | 0 | 29,000 |
| **Total** |  |  | 118,875 |

EXHIBIT B

Monthly Income and Expenses

| 2018 | | |
|---|---|---|
| **Income** | | |
| Farm operations | 25,319 | |
| Other | 25,083 | |
| Total Income | 50,402 | |
| | | |
| **Expenses** | | |
| Loan Payments | 13,460 | |
| Feed, Fertilizer, Seed, Spray | 8158 | |
| Fuel & Oil | 4023 | |
| Repairs | 5087 | |
| Labor | 7081 | |
| Land Rent | 3926 | |
| Equipment Lease | 1000 | |
| Real Estate Taxes | 273 | |
| Farm Insurance | 2941 | |
| Utilities | 619 | |
| Miscellaneous | 1970 | |
| Total Expenses | 48,538 | |
| | | |
| **Net Income** | 1864 | |